### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 13-cv-01369-REB-BNB

LAURENCE R. GOODMAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

---

### ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION
### OF DISTRICT JUDGE ROBERT E. BLACKBURN

---

**Blackburn, J.**

The matter before me is plaintiff's motion for **Disqualification of District Judge Robert E. Blackburn** [#9],[1] filed June 3, 2013. I putatively have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question). I deny the motion.

Pursuant to 28 U.S.C. § 455, a judge must recuse himself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." ***Bryce v. Episcopal Church in the Diocese of Colorado***, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). Proof of actual bias is not necessary; recusal is required if the facts, from an objective perspective, admit of the appearance of bias. ***Id.***; ***Salt Lake Tribune Publishing Co. v. AT & T Corp.***, 353 F.Supp.2d 1160, 1172 (D. Utah 2005). Nevertheless, "section 455(a) must not be so broadly construed that it becomes, in

---

[1] "[#9]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." **United States v. Hines**, 696 F.2d 722, 729 (10th Cir. 1982); **see also Bryce**, 289 F.3d at 659. Instead, "'[d]isqualification for lack of impartiality must have a *reasonable* basis.'" **See Jackson v. Fort Stanton Hospital and Training School**, 757 F.Supp. 1231, 1240 (D.N.M. 1990) (quoting H.R. Rep. No. 93-1453, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6351, 6355) (emphasis in original).

Plaintiff here has shown no basis, much less a reasonable basis, for requiring my recusal in this matter. His motion is premised on arguments that have no basis in either fact or law. To the extent the Territorial Constitution of Colorado may have required judicial officers to provide a bond as a condition of assuming and/or holding office, any such provision was not perpetuated when Colorado was admitted to statehood, and therefore is of no further effect. **See Hawkins v. Bleakly**, 243 U.S. 210, 216-17, 37 S.Ct. 255, 258-59, 61 L.Ed. 678 (1917) (citing **Permoli v. New Orleans**, 3 Howard 589, 610, 11 L.Ed. 739, 748 (1845)). Nor does section 8 of Article XII of the current Colorado Constitution require the payment or performance of a bond of any type. Plaintiff's attempt to cobble together a theory of disqualification out of these and other unrelated and superseded sections of the state constitution provides no basis suggesting that I should or must recuse myself in this matter.

**THEREFORE IT IS ORDERED** that plaintiff's motion for **Disqualification of District Judge Robert E. Blackburn** [#9],[2] filed June 3, 2013, is **DENIED**.

---

[2] "[#9]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

Dated July 2, 2013, at Denver, Colorado.

                                      **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge