**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01369-REB-BNB

LAURENCE R. GOODMAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

**ORDER RE: PLAINTIFF'S OBJECTION TO ORDER
DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION**

**Blackburn, J.**

    The matter before me is plaintiff's **Objection to Order Denying Plaintiff's Motion for Disqualification of District Judge Robert E. Blackburn** [#22],[1] filed July 5, 2013, which I construe as a motion for reconsideration of the referenced **Order Denying Plaintiff's Motion For Disqualification of District Judge Robert E. Blackburn** [#21], filed July 2, 2013.[2]  As thus construed, I deny the motion.

    Plaintiff is proceeding *pro se*. Thus, I continue to construe his pleadings and papers more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404

---

[1] "[#22]" is an example of the convention I use to refer to the docket number of a particular filing.

[2] Plaintiff filed an identical objection on July 8, 2013 [#23]. Likewise construed as a motion for reconsideration, that objection is denied as moot.

U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

Nevertheless, the bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Plaintiff's objection offers nothing suggesting that any of these factors are implicated here.  Instead, he merely rehashes arguments previously advanced, which are no more persuasive now than they were before.

**THEREFORE, IT IS ORDERED** as follows:

1.  That plaintiff's **Objection to Order Denying Plaintiff's Motion for Disqualification of District Judge Robert E. Blackburn** [#22], filed July 5, 2013, is **DENIED**; and

2.  That plaintiff's **Objection to Order Denying Plaintiff's Motion for Disqualification of District Judge Robert E. Blackburn** [#23], filed July 8, 2013, is **DENIED** as moot.

Dated July 10, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge