IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01369-REB-BNB

LAURENCE R. GOODMAN,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the respondent's **Motion to Dismiss** [Doc. #14, filed 06/19/2013] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

The petitioner, Laurence Goodman, initiated this action by filing a "Petition to Void Order Pursuant to Rule 60, Federal Rules of Civil Procedure" (the "Petition"). He seeks to render "null, void, and without legal effect" the "orders and judgments issued" in Civil Action No. 11-cv-00274-RBJ-MEH, United States of America v. Laurence R. Goodman ("Goodman I"). In Goodman I, the court (Jackson, J.) entered judgment in favor of the United States and against Mr. Goodman in the amount of $1,375,062.69, plus penalties and interest, based on income tax owed by him. The court also granted the motion of the United States to foreclose federal tax liens on Mr. Goodman's real property.

Mr. Goodman is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as an advocate for a *pro se* litigant,

however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## **Failure to Properly Serve the Respondent**

The United States argues that the action must be dismissed because it has not been properly served on the United States. *Motion*, p. 3. Rule 4 of the Federal Rules of Civil Procedure governs service upon the United States and its agencies and employees:

> (1) United States. To serve the United States, a party must:
>
> > (A)(I) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
> >
> > > (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> >
> > (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> >
> > (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

The United States asserts, and Mr. Goodman does not dispute, that service was attempted solely by mailing a copy of the Petition to the Unites States attorney, rather than sending copies by certified or registered mail to the United States attorney and the Attorney General. *Motion*, p.

3; *Response to Respondent's Motion to Dismiss* [Doc. #18] (the "Response"), p. 2. Therefore, the Petition should be dismissed for insufficiency of service of process.

## Failure to State a Claim Upon Which Relief Can Be Granted

The United States also argues that even if service were to be properly effected, the Petition fails to allege plausible facts sufficient to show that Mr. Goodman is entitled to relief. *Motion*, p. 3. Mr. Goodman brings this action under Rule 60(d)(1), Fed.R.Civ.P., which provides that the court may entertain an independent action to relieve a party from a judgment. An independent action is a narrow avenue for relief, United States v. Buck, 281 F.3d 1336, 1341 (10th Cir. 2002), "available only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998).

Here, Mr. Goodman claims that Judge Jackson "served as a Colorado state public judicial officer without giving and recording an official recognizance bond payable to the State of Colorado binding him to the promised [sic] in his state oath of office as mandated by the said self-executing Section 22, Schedule, Colorado Constitution . . . ." *Petition*, p. 2 (citing to the "Enabling Acts for the Territory of Colorado to be admitted as the State of Colorado"). According to Mr. Goodman, "[u]pon taking the state oath of office and giving a personal recognizance as their consideration binding them to the promises in the oath, a contract was initiated by the oath taker with the public at large in exchange for the public's trust, as its consideration, so that the oath taker could then enter and perform the duties of the state public office." Mr. Goodman also claims that Judge Jackson was required to report his income, and his failure to do so "without having entered state public office constitutionally" constituted "a fourth degree felony." Therefore, Judge Jackson is holding "a federal judicial commission . . . under

false pretenses," and all orders and judgments" in <u>Goodman I</u> are "null, void, and without legal effect at their inception."

The Petition is frivolous. Mr. Goodman made similar allegations against the district judge assigned here (Blackburn, J.) in an attempt to "disqualify" him from presiding over this case. In denying the motion for disqualification, Judge Blackburn stated:

> Plaintiff here has shown no basis, much less a reasonable basis, for requiring my recusal in this matter. His motion is premised on arguments that have no basis in either fact or law. To the extent the Territorial Constitution of Colorado may have required judicial officers to provide a bond as a condition of assuming and/or holding office, any such provision was not perpetuated when Colorado was admitted to statehood, and therefore is of no further effect. ***See Hawkins v. Bleakly***, 243 U.S. 210, 216-17, 37 S.Ct. 255, 258-59, 61 L.Ed. 678 (1917) (citing ***Permoli v. New Orleans***, 3 Howard 589, 610, 11 L.Ed. 739, 748 (1845)). Nor does section 8 of Article XII of the current Colorado Constitution require the payment or performance of a bond of any type. Plaintiff's attempt to cobble together a theory of disqualification out of these and other unrelated and superseded sections of the state constitution provides no basis suggesting that I should or must recuse myself in this matter.

*Order Denying Plaintiff's Motion for Disqualification of District Judge Robert E. Blackburn* [Doc. #21], p. 2.

Mr. Goodman's fanciful allegations regarding Judge Jackson fall far short of satisfying the demanding standard for bringing an independent action for relief from judgment under Rule 60(d)(1).

I respectfully RECOMMEND:

(1) The Motion to Dismiss [Doc. #14] be GRANTED;

(2) The Petition be dismissed in its entirety; and

(2)   All pending motion be denied as moot.[1]

Dated September 5, 2013.

BY THE COURT:

s/ Boyd N. Boland  
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).