**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01369-REB-BNB

LAURENCE R. GOODMAN,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

---

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE &
DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

**Blackburn, J.**

      This matter is before me on the following: (1) the respondent's **Motion To Dismiss** [#35][1] filed June 19, 2013; (2) the **Recommendation of United States Magistrate Judge** [#35] filed September 5, 2013; and (3) the petitioner's **Petition for a Writ of Habeas Corpus: For Being Held Against His Free Will Involuntarily and Coercively with Armed Might, Both State and Federal; For Being Robbed of his Common Law Property Under an Imposed System of Peonage, the Evidence for Which is a Void Judgment of this Court; and for Suffering Great Personal injuries and Damages to his Common Law Properties Without Benefit of any Constitutional Power and Statutory Authorities** [#38] filed October 7, 2013.  The

---

[1]   "[#35]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

plaintiff filed objections [#36 & #37] to the recommendation.[2]   I overrule the objections, approve and adopt the recommendation, grant the motion to dismiss, and deny the petition for a writ of habeas corpus.

The plaintiff is acting *pro se.*  Therefore, I construe his filings generously and with the leniency due pro se litigants, see ***Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Belmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects.  I have considered carefully the recommendation, the objections, and the applicable case law.

The petitioner, Laurence Goodman, initiated this case by filing his **Petition To Void Order Pursuant To Rule 60, Federal Rules of Civil Procedure** [#1] filed May 28, 2013.  In essence, Mr. Goodman seeks to assert an independent action to relieve him from a judgment in a separate case, ***United States of America v. Laurence R. Goodman***, Civil Action No. 13-cv-01369-RBJ-MEH.  Mr. Goodman claims United States District Judge R. Brooke Jackson acted without authority in that case.  In his recommendation, the magistrate judge summarizes accurately the convoluted, frivolous, and baseless allegations in the petition. Therefore, the motion to dismiss is granted.

In his recent petition for a writ of habeas corpus, Mr. Goodman claims to be held "against his free will under a system of peonage . . . ." *Petition* [#38], p. 1.  This is true, he claims, because he is not permitted to practice law under the rules which regulate

---

[2] [#36 & #37] appear to contain the same material.

admission to the practice of law in Colorado.[3]  The petition for a writ of habeas corpus is procedurally improper and substantively baseless.  Procedurally, the petition asserts a new claim not asserted in the operative complaint in this case.  FED. R. CIV. P. 15 controls the amendment of pleadings.  Under Rule 15, Mr. Goodman may not assert a new claim without the permission of the court, which approbation he has not sought.

Substantively, the allegations in the petition do not state or support a claim for habeas relief.  Most notably, none of the factual allegations in the petition indicates that Mr. Goodman is in custody.  In his petition, Mr. Goodman claims that he is prohibited improperly from practicing law, that many judges do not exercise legitimate authority, and that the U.S. government is executing improperly on a judgment it holds against Mr. Goodman.  None of these circumstances, if true, constitutes custody for the purpose of a petition for a writ of habeas corpus.

"The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., Santa Clara Cnty., California*, 411 U.S. 345, 351 (1973).  Absent sufficient allegations showing that the petitioner is in custody, the court does not have jurisdiction over a petition for writ of habeas corpus.  *See, e.g.,Dry v. CFR Court of Indian Offenses for Choctaw Nation*, 168 F.3d 1207, 1208 (10th Cir. 1999).  A conviction resulting in a fine is not a  sufficient restraint on liberty to constitute custody for purposes of habeas corpus. *See, e.g., Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir.1987); *Hanson v. Circuit Court*, 591 F.2d 404, 407 (7th Cir.1979); *Edmunds v: Won Bae Chang*, 509 F.2d 39, 41 (9th Cir.1975).

---

[3]  Of course, some practicing lawyers claim they are subject to a truly onerous system of peonage.  That contention is not at issue in this case.

This is true even though failure to pay the fine may result in incarceration. *Dremann*, 826 F.2d at 7. Further, the ordinary collateral consequences or civil disabilities flowing from a fine-only conviction do not constitute custody. *Hanson*, 591 F.2d at 407. A prohibition on practicing law until a fine is paid is not custody. *Phelps v. Barbara*, 1997 WL 756625 (D. Kan. Nov. 18, 1997), *aff'd*, 162 F.3d 1174 (10th Cir. 1998). Custody is not established by allegations of the potential loss of a physician's license; damage to professional and community reputation; and statutory disabilities, including possible use of conviction to impeach petitioner's credibility as a witness, bar from holding game licenses, liquor licenses and gun permits, and disqualification from serving as a juror or municipal officer or employee. *Furey v. Hyland*, 395 F.Supp. 1356 (D.N.J.1975), *aff'd without opinion*, 532 F.2d 746 (3d Cir. 1976). The circumstances described by Mr. Goodman in his most recent petition [#38] are analogous to the circumstances at issue in the cases cited in this paragraph. Thus, Mr. Goodman has not alleged that he is in custody. This court does not have jurisdiction over his petition for habeas corpus relief.

Considering the nature of the claims asserted by Mr. Goodman, I must warn Mr. Goodman that the court has the power to enjoin litigants who abuse the judicial system. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989). "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Id.* at 353 (citations omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Anderws v. Heaton*, 483 U.S. 1070, 1077 (10th Cir. 2007).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an

action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Id*.  In addition, under FED. R. CIV. P. 11(c), sanctions may be imposed against a *pro se* litigant if a pleading or other paper lacks "claims, defenses, or other legal contentions . . . warranted by existing law" and the "factual contentions" lack "evidentiary support." FED. R. CIV. P. 11(b).  Mr. Goodman's claims in this case are frivolous.  Although sanctions are not merited based on the filing of this case, Mr. Goodman is warned that pursuit of similar frivolous or malicious claims may subject him to sanctions.

The analysis and conclusions of the magistrate judge, as stated in the recommendation [#35], are circumstantiated factually and legally; thus, the motion to dismiss [#35] is granted. For the reasons discussed above, the petition for a writ of habeas corpus is denied.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#35] filed September 5, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2.  That the plaintiff's objections [#36 & #37] to the recommendation are **OVERRULED**;

3.  That the respondent's **Motion To Dismiss** [#14] filed June 19, 2013, is **GRANTED**;

4.  That the petitioner's **Petition for a Writ of Habeas Corpus: For Being Held Against His Free Will Involuntarily and Coercively with Armed Might, Both State and Federal; For Being Robbed of his Common Law Property Under an Imposed System of Peonage, the Evidence for Which is a Void Judgment of this Court; and for Suffering Great Personal injuries and Damages to his Common Law**

**Properties Without Benefit of any Constitutional Power and Statutory Authorities**

[#38] filed October 7, 2013, is **DENIED** for lack of jurisdiction;

4. That **JUDGMENT SHALL ENTER** in favor of the respondent, the United States of America, against the petitioner, Laurence R. Goodman, on all claims for relief asserted in this case;

5. That the defendant is **AWARDED** its costs to be taxed by the clerk of the court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

6. That this case is **DISMISSED** and **CLOSED**.

Dated October 16, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge